Atkinson, J.
If the venue was improperly laid in Pierce county, and it so appeared from the allegations of the petition, the court was without jurisdiction, and the judgment dismissing the suit on appropriate demurrer was proper. It affirmatively appears from the allegations that the residence of the American Tie <k Timber Company was in Glynn county, and that of the defendant Hobbs was in Pierce county; and the fact that Hobbs was suable in the latter county was relied upon to give jurisdiction also against the American Tie & Timber Company, which was alleged to be a joint wrong-doer. Hobbs was alleged to be an agent of the American Tie & Timber Company; and if he participated in wrongfully-taking the timber, ordinarily a suit to prevent the injury might be brought in the county of his residence against him and his principal jointly. Baker v. Davis, 127 Ga. 649 (57 S. E. 62). But in order to maintain a suit against either of them it would be essential that the plaintiff show an interest in the timber. Inas *372 much as tlie venue was laid in. the county of the residence of Hobbs, and reliance for jurisdiction as to the American Tie & Timber Company is made to depend upon jurisdiction as to Hobbs, it is essential that there be a cause of action against Hobbs; otherwise he would be a mere nominal party, and a suit against him would not draw into the jurisdiction of the superior court of Pierce county the American Tie & Timber Company from a different county. The relief sought was injunction, damages, and other relief. There was no allegation of title in the plaintiffs. It is not alleged that they had any interest in the timber other than such as might result from the alleged executory contract between themselves and the American Tie & Timber Company. There was no way for the plaintiffs to reach Hobbs except through this contract. Hobbs was a stranger to it, and as to him the plaintiffs alleged no such interest in the timber as would support an action for injunction or damages It was alleged that the American Tie & Timber Company paid the' purchase-money and took the legal title only as security for a d^.bt. Ordinarily, where an owner of land conveys it by a security deed he retains such interest as would authorize him to maintain a suit against a stranger for injury to it. Ashley v. Cook, 109 Ga. 653 (35 S. E. 89). But the allegations of the petition do not make such a case; for it appears that the plaintiffs have never been owners o£ the legal title. Hobbs could reply to the plaintiffs that the paramount title was outstanding. It thus appears that for the want of title in plaintiffs there was no cause of action alleged against Hobbs; and consequent!]’ he was no such party as that jurisdiction' of him would draw the American Tie & Timber Company from another county into the case.

Judgment affirmed.

All the Justices concur.